Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3703 | **DATE** | 2/28/2001 |
| **CASE TITLE** | ROBERT P. CUMMINS vs. BICKEL & BREWER, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(6) motion to dismiss Cummins' complaint is denied except that Cummins' claim for punitive damages is stricken. Defendant shall answer within twenty days from the date of this Memorandum Opinion and Order. Status hearing set for 3/28/01 at 9:15a.m.

(11) X [For further detail see order (attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 01 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 FEB 28 PM 1:41 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT P. CUMMINS,           )
                             )
         Plaintiff,          )
                             )
    v.                       )   No. 00 C 3703
                             )   Paul E. Plunkett, Senior Judge
BICKEL & BREWER, a Texas general )
partnership, WILLIAM A. BREWER III,)
individually, JOHN W. BICKEL II, )
individually, JAMES S. RENARD,   )
individually, MICHAEL J. COLLINS, )
individually, WILLIAM G. TODD,   )
individually, and PORTER F. FLEMING,)
individually,                )
                             )
         Defendants.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert P. Cummins ("Cummins") has filed a three-count complaint against Bickel & Brewer, the law firm in which Cummins was previously a partner, and his former partners (collectively referred to as "defendants"). Cummins is seeking a declaratory judgment (Count I); compensatory and punitive damages for breach of contract (Count II); and an accounting (Count III). Defendants filed a motion to dismiss Cummins' complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, defendants' motion is denied except that Cummins' claim for punitive damages is stricken.

## Facts

Cummins has been practicing law in the State of Illinois since 1962. (Compl. ¶ 13.) In October of 1988, he became a partner of Bickel & Brewer. (Id.) As new partners were added to the firm, the existing partnership agreement would be amended. (Id.) On January 1, 1999, Cummins, Brewer, Bickel, Renard, Collins, Todd and Fleming executed their most recent partnership agreement ("the Agreement"). (Id.) The Agreement designated Cummins as a Class "A" partner, holding a 13.6% interest in Bickel & Brewer. (Id.) Believing he was complying with the "Voluntary Retirement" provision of the Agreement, Cummins sent his partners written notice of his withdrawal from the partnership on November 30, 1999. (Compl. Ex. A at 11.1(A).) As a result of that written notice, Cummins claims that he is a "Qualified Withdrawing Partner" of Bickel & Brewer, which, under the agreement, would entitle him to some forty quarterly installments which would total an agreed upon amount representing his interest in the partnership on April 1, 2000. Cummins has yet to receive a payment. (Id. ¶ 17.)

Defendants' refusal to pay Cummins rests on Cummins' continued representation of certain clients following his withdrawal from the partnership. (Id.) Cummins asserts that pursuant to section 11.8(C) of the Agreement he is free to continue the practice of law with his former clients. (Id. ¶ 19.) That section provides as follows: "No Partner who withdraws . . . from the Partnership shall be restricted by the terms of this Agreement from practicing his profession at the times and places of his choosing. Furthermore, any Partner who has withdrawn from the Partnership may thereafter represent any client (individual or entity)."

The defendants contend Cummins has violated section 11.8(C) of the agreement, which

provides that an otherwise Qualified Withdrawing Partner forfeits all his payments if he represents a "Partnership Client" within three years after the effective date of his withdrawal from the partnership. (Id. ¶ 20.) Section 11.8(C) defines a "Partnership Client" as any client to whom the partnership had rendered legal services in the two years preceding the effective date of withdrawal. Cummins seemingly, at least for purposes of this motion, admits that he has and is servicing "Partnership Clients," but he contends that the forfeiture clause contained in section 11.8(C) is unenforceable as an illegitimate restriction on the right to practice law in violation of Rule 5.6 of the Model Rules of Professional Conduct. Cummins argues that to enforce the clause would have the effect of limiting the public's right to counsel of their choice and illegally denying Cummins the value of his interest in and contributions to Bickel & Brewer. (Id. ¶ 21.) Cummins contends that defendants have breached their contract and fiduciary duties entitling him to money damages. (Id. ¶ 22.) In order to compute his damages, Cummins also seeks an accounting entitling him to review the books and records of the partnership. We have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

### Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

There are only two scenarios in which defendants' motion to dismiss can be granted. First, defendants could demonstrate that Cummins does not qualify as a Qualified Withdrawing Partner and, therefore, is not entitled to any payments. Second, defendants could demonstrate that although Cummins retired from the partnership as a Qualified Withdrawing Partner entitled to payments, that he forfeited such entitlement by representing Partnership Clients, and that the forfeiture provision in the Agreement is enforceable. To accomplish this, the defendants must show that the promises of the Partnership Agreement are unambiguous and enforceable.

A court must attempt to ascertain the intent of the parties when it interprets a contract. Elkhart Lakes Road America, Inc. v. Chicago Historic Races, Ltd., 158 F.3d 970, 972 (7th Cir. 1998). If a contract is not ambiguous, the court should limit its analysis to the language of the document. Ooley v. Swhitzer Division, 961 F.2d 1293, 1298 (7th Cir. 1992). A contract is ambiguous only when two reasonable people could disagree about the meaning of a contract. Ohio Casualty Group of Insurance Companies v. Gray, 746 F.2d 381, 383 (7th Cir. 1984). With these principles in mind, we turn to the Agreement.

Interestingly, both parties argue that the terms of the agreement are unambiguous and entitle them to judgment. So, either the Agreement is unambiguous and one of the parties' interpretations is unreasonable, or the Agreement was written in such a way that "two reasonable people could disagree." Id. We find that two reasonable people could disagree.

In order to qualify as a Qualified Withdrawing Partner under Section 11.1(A) of the Agreement, Cummins has to allege that he is: 1) a partner desiring to retire from the partnership; 2) who has been a Class "A" partner of the partnership for at least sixty (60) months; 3) is then sixty-

five years of age or older; and 4) gives written notice to each Class "A" partner of his voluntary retirement or withdrawal from the partnership. (Pl.'s Compl. Ex. A at 10.)

At the heart of the parties' dispute is whether Cummins has to retire to qualify as a Qualified Withdrawing Partner. Defendants argue that because a partner must express a "desir[e] to retire from the partnership," a partner must in fact retire in order to qualify. (Defs.' Mot. Dismiss at 9, Defs.' Repl. at 6-10, Defs.' Surreply at 3-4.) Cummins argues that because the last requirement allows a partner to give notice of his intent to "voluntarily retire or withdraw from the partnership," he can withdraw as opposed to retire and still qualify. (Pl.'s Resp. at 7-9, Pl.'s Surresp. at 3.) We agree with Cummins. Under Section 11.1(A) of the Agreement, "retire from the partnership" must mean withdraw or retire because: (1) both are envisioned in the clause, and (2) otherwise the forfeiture clause is meaningless because the attorney has retired from the practice of law. Therefore, we deny defendants' motion to dismiss Counts II[1] and III on this ground. The remaining question then is whether Cummins had a right to the payments under the agreement.

The forfeiture provision of the Agreement found in Section 11.8(C) states:

All Partners recognize and agree that the retirement benefits granted by Section 11.1 are conferred in consideration and contemplation of such Qualified Retiring Partner's not undertaking the representation of any Partnership Client. Accordingly, each Partner agrees and does hereby relinquish any benefit provided in the aforesaid Section 11.1 in the event he undertakes the representation of the Partnership Client within three (3) years after his effective date of withdrawal from the Partnership. In the event any withdrawing Partner has previously received any benefit pursuant to the

---

[1] In addition to seeking actual, compensatory and consequential damages in Count II for defendants' alleged breach of contract, Cummins seeks punitive or exemplary damages. Defendants are correct that breach of contract actions generally do not give rise to punitive or exemplary damage claims. Kelsay v. Motorola, Inc., 74 Ill. 2d 172, 187, 23 Ill. Dec. 559, 566, 384 N.E.2d 353, 360 (1978). As such, Cummins' claim for punitive or exemplary damages is stricken.

aforesaid Section 11.1, he shall immediately, upon receipt (whether directly or indirectly as a member of any firm) of any fees from a Partnership Client within three (3) years after his effective date of withdrawal from the Partnership, return the amount of said benefit to the Partnership and provide all records and documentation to support the amount as the Partnership may deem necessary.

A "Partnership Client" is "any client whom or which the Partnership had, directly or indirectly, rendered any legal services in the two (2) years immediately preceding the effective date of withdrawal of the withdrawal Partner." Cummins does not dispute that he represents Partnership Clients. (Compl. ¶ 17.)

Rule 5.6 of the Model Rules of Professional Responsibility states: "A lawyer shall not participate in offering or making: (a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement." Both Texas and Illinois have adopted Rule 5.6 into its rules of professional responsibility.[2]

Defendants argue that the forfeiture provision is enforceable because it is part of "an agreement concerning benefits upon retirement." (Defs.' Mot. Dismiss at 7). Cummins argues that the forfeiture provision is unenforceable because it violates public policy.[3] (Pl.'s Resp. at 10.)

To determine whether the forfeiture provision is enforceable in light of Rule 5.6, we must first ascertain which state's substantive law applies. Defendants assert Texas substantive law should

---

[2] See IL R. PROF'L CONDUCT 5.06; TEX. DISCIPLINARY R. PROF'L CONDUCT 5.06.

[3] Cummins argues that enforcing the forfeiture provision would deny the public's right to counsel of their choice. In support of his position, Cummins has attached the affidavit of Michael N. Alper, a Partnership Client who Cummins represents. When assessing a motion to dismiss pursuant to 12(b)(6), the court may not look to materials beyond the pleadings themselves. Fleischfresser v. Directors of School Dist. 200, 15 F.3d 680, 684 (7th Cir. 1994). As a result, Mr. Alper's affidavit is disregarded.

govern because, inter alia, it is the law agreed to by all the parties, while Cummins argues Illinois substantive law should apply because Illinois is the location of the subject matter, his domicile, and the place of the last act to give rise to the contract. In any event, defendants assert that the outcome of their motion will be the same regardless of which state's substantive law applies.

Federal Courts sitting in diversity must look to conflict-of-law rules of the forum state for applicable substantive law. Juniper Aluminum Corp. v. Home Insurance Co., 225 F.3d 868, 873 (7th Cir. 2000). Illinois is the forum state in this litigation. Under Illinois law, a choice of law clause is prima facie valid and should be enforced unless the opposing party shows that enforcement would contravene the strong public policy of the State. Maher & Associates, Inc. v. Quality Cabinets, 267 Ill. App. 3d 69, 74, 203 Ill. Dec. 850, 640 N.E.2d 1000 (1994). The choice of forum made in an arm's length negotiation by experienced and sophisticated businessmen, absent some compelling and countervailing reason, should be honored by the parties and enforced by the courts. English Co. v. Northwest Envirocon, Inc., 278 Ill. App. 3d 406, 410, 215 Ill. Dec. 437, 440, 663 N.E.2d 448, 451 (1st Dist. 1996). However, a court may void the forum selection clause if it violates fundamental Illinois public policy. Id.

In the instant case, the Agreement contains an express choice of law. Section 17.1 selects Texas law as the governing law. In addition, because all the parties to the agreement are lawyers, Texas law was chosen by "experience and sophisticated businessmen." Id. Therefore, unless applying Texas law would violate fundamental Illinois public policy, we must apply Texas law.

We, as well as defendants, were unable to locate any Texas case law which interprets Rule 5.6 under similar facts. However, Cummins has cited several Illinois cases which interpret Rule 5.6. We find Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 230 Ill. Dec. 229, 693 N.E.2d 358 (1998),

most helpful. In Dowd, the Supreme Court of Illinois held that a non-competition covenant contained in defendants' employment agreement, pursuant to which lawyers were prohibited in the two years following termination of their employment agreement from soliciting or endeavoring to entice away any of the corporation's clients without prior written consent, violated Rule 5.6. Dowd, 181 Ill. 2d at 480, 230 Ill. Dec. at 240, 693 N.E.2d at 369. In not enforcing the provision, the Illinois Supreme Court noted that "enforcement of the provisions at issue would violate the important considerations of public policy that underlie the prohibition found in Rule 5.6. The rule is designed both to afford clients greater freedom in choosing counsel and to protect lawyers from onerous conditions that would unduly limit their mobility." Id.

The facts in Dowd are almost identical to the facts of this case. In Dowd, the defendants informed their fellow shareholders of their intent to leave the law firm. Dowd, 181 Ill. 2d at 463, 230 Ill. Dec. at 232, 693 N.E.2d at 361. Pursuant to the shareholder agreement, the defendants believed they were entitled to having their shares purchased by the remaining shareholders. Id. However, the plaintiffs refused to purchase defendants' shares because the defendants had enticed away clients of Dowd & Dowd. Id. Like the defendants in Dowd, Cummins' has alleged that he withdrew from the partnership, that he was entitled to benefits, and that defendants have failed to pay him because he continues to represent Partnership Clients.

As stated above, supra p. 6, defendants argue that the forfeiture provision is enforceable because it is part of "an agreement concerning benefits upon retirement" and, therefore, does not violate Rule 5.6. (Defs.' Mot. Dismiss at 7.) We disagree. While it is not clear from reading Dowd whether all non-compete agreement, both withdrawal and retirement, are unenforceable, we certainly are constrained to find that the Supreme Court of Illinois could interpret the exception contained in

Rule 5.6 to prohibit a provision like the one in this case. In other words, we find that plaintiff can prevail in this case if his allegations are true.

Defendants also argue that the holding in <u>Dowd</u> is distinguishable because <u>Dowd</u> involved a non-compete agreement, while the Agreement in this case does not restrict Cummins' right to practice law because he admits that he withdrew and did not retire from the partnership. Defendants' argument makes no sense in light of <u>Dowd</u>. If Cummins only withdrew and is otherwise entitled to his share being purchased by defendants, then Rule 5.6 per se prohibits defendants from preventing Cummins from representing partnership clients. If Cummins retired and is otherwise entitled to his shares being purchased by defendants, then <u>Dowd</u> applies and the prohibition against representing partnership clients is unenforceable. In other words, Section 11.8(C) is unenforceable under Illinois law whether Cummins retired or withdrew. Therefore, because applying Texas law could violate fundamental Illinois public policy, we must apply Illinois law. <u>English Co.</u>, 278 Ill. App. 3d at 410, 215 Ill. Dec. at 440, 663 N.E.2d at 451. As a result, defendants motion to dismiss Count I is denied.

## Conclusion

Defendants' Rule 12(b)(6) motion to dismiss Cummins' complaint is denied except that Cummins' claim for punitive damages is stricken. Defendants shall answer within twenty days from the date of this Memorandum Opinion and Order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** _____