Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3703 | **DATE** | 8/16/2001 |
| **CASE TITLE** | Robert P. Cummins vs. Bickel & Brewer, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons explained in this Court's Memorandum Opinion and Order, the Court denies Cummins' motion to dismiss the defendants' counterclaim. (39-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 56 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 16 PM 5:15 | | |
| TP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT P. CUMMINS, )
)
      Plaintiff, )
)
v. ) Case No. 00 C 3703
)
BICKEL & BREWER, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Robert Cummins has sued his former law partnership and his former partners individually for a declaratory judgment that the forfeiture clause contained in the partnership agreement is invalid; Cummins is seeking to collect retirement benefits after his withdrawal from the partnership. He also seeks compensatory damages for breach of contract and an accounting. The partnership, Bickel & Brewer, and the individual partners filed a counterclaim alleging fraudulent inducement, "unilateral mistake with knowledge," mutual mistake, unjust enrichment and attorneys' fees. Cummins has moved to dismiss all five counts of the counterclaim for failure to state a claim.

In Counts 1, 2 and 3, the defendants seek – we assume – a reformation of the partnership agreement to reflect the parties' understanding that the term "Qualifying Withdrawing Partner," as used in Article XI, §11.1(A) of the agreement, included only partners who retired or withdrew from the partnership and actually gave up the practice of law. Cummins argues that these counts should be dismissed because they can be proved only through extrinsic or parol evidence, which

DOCKETED
AUG 1 7 2001

according to Cummins is inadmissible because of the integration clause in the contract. But under Texas law, which arguably governs this aspect of the agreement, parol evidence is admissible despite the existence of a merger or integration clause when a party has alleged mutual mistake or unilateral mistake plus fraud or other inequitable conduct, *see Thompson v. Chrysler First Business Credit Corp.*, 840 S.W.2d 25, 33-34 (Tex. App. 1992), which is precisely what the defendants here have alleged. Accordingly, the Court will not dismiss these claims on this basis.

Cummins also argues that Counts 1, 2, and 3 should be dismissed because the defendants failed to allege the necessary elements of a reformation claim. The Court disagrees. Under Texas law reformation requires two elements: (1) an original agreement and (2) a mutual mistake (or a unilateral mistake by one party and knowledge of that mistake by the other party), made after the original agreement, in reducing the original agreement to writing. *See Wallerstein v. Spirt*, 8 S.W.3d 774, 781 (Tex. App. 1999); *Mullins v. Mullins*, 889 S.W.2d 550, 553 (Tex. App. 1994). Along the same lines, to succeed in an action for contract reformation under Illinois law, a party must show that there has been a meeting of the minds resulting in an actual agreement between the parties, that the parties agreed to reduce their agreement to writing, and, at the time that the agreement was reduced to writing and executed, some agreed upon provision was omitted or a provision not agreed upon inserted, either through mutual mistake or through mistake by one party and fraud by the other. *See Alliance Syndicate, Inc. v. Parsec, Inc.*, 318 Ill. App. 3d 590, 603, 741 N.E.2d 1039, 1048-49 (2000) (citing *Klemp v. Hergott Group, Inc.*, 267 Ill. App. 3d 574, 584-85, 641 N.E.2d 957 (1994)). The defendants allege that they intended to draft the partnership agreement so that a partner who withdrew from the firm but did not retire

2

from the practice of law would not be entitled to partnership benefits. They allege alternatively that Cummins either had the same intent and understanding (Count 3) or that he had other intentions but concealed them from his partners (Counts 1 and 2). Whether or not the defendants will ultimately be able to prove any of these allegations remains to be seen. But for present purposes, it is enough to say that there is at least one set of facts under which the defendants would prevail on their reformation claim. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (the allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Cummins also seeks dismissal of Counts 4 and 5, which allege respectively a claim of unjust enrichment and a claim for attorneys' fees, on the ground that the allegations of the counterclaim are insufficient to support such claims. To state a claim for unjust enrichment, defendants must allege that Cummins has obtained a benefit from them by fraud, duress, or the taking of an undue advantage. *See Insignia Capital Advisors, Inc. v. Stockbridge Corp.*, No. 05-99-01126-CV, 2000 WL 267495, at *4 (Tex. App. March 13, 2000) (citing *Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). The elements are largely the same under both Texas and Illinois law, *see, e.g., Peddinghaus v. Peddinghaus*, 295 Ill. App. 3d 943, 949, 692 N.E.2d 1221, 1225 (1998) ("[t]o 'state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'") (quoting *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672 (1989)). Assuming as we must

3

that the allegations of the counterclaim are true, the defendants have alleged that to the extent Cummins is entitled to benefits or payments under the partnership agreement, it is only because he defrauded or took advantage of his partners, agreeing that he would collect benefits upon withdrawal or retirement only if he actually retired, while at the same time secretly plotting to leave the firm, steal firm clients and still try to collect benefits from his unsuspecting partners. These allegations are sufficient to state a claim of unjust enrichment under either Texas or Illinois law.

We must also deny the motion to dismiss the attorneys' fees claim; although Texas law (assuming it applies, a question we need not decide for purposes of this motion) does not specifically provide for the recovery of attorneys' fees in fraud cases, attorneys' fees may be recoverable where the fraud is alleged to have been committed in connection with the inducement of a contract, or where the fraud claims are inextricably linked to the contract claims. *See* Texas Civil Practice & Remedies Code §38.001; *Schindler v. Austwell Farmers Cooperative*, 829 S.W.2d 283, 288 (Tex. App. 1992).

## CONCLUSION

For the reasons explained above, the Court denies Cummins' motion to dismiss the defendants' counterclaim [Docket No. 39-1].

Dated: August 16, 2001

_____
MATTHEW F. KENNELLY
United States District Judge

4