Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3703 | **DATE** | 2/6/2002 |
| **CASE TITLE** | Cummins vs. Bickel & Brewer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants Cummins' motion for summary judgment (40-1) as to Count 1 but denies the motion as to Count 2. The Court denies the plaintiff's motion to strike (82-1). The case is set for a status hearing on 2/19/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 0 7 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 86 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | 02 FEB -6 PM 4:14 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT P. CUMMINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00 C 3703 |
| ) | |
| BICKEL & BREWER, et al., ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**
**FEB 0 7 2002**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Robert Cummins sued his former law partnership and his former partners seeking a declaratory judgment that the forfeiture provision in the firm's partnership agreement is void and unenforceable (Count 1) and damages for breach of contract because of the firm's failure to pay him the benefits he thinks he is due under the agreement (Count 2). He also seeks an accounting (Count 3). Cummins has moved for summary judgment on Counts 1 and 2, based in large part on a decision and order entered on March 1, 2001 by Judge Plunkett, to whom this case was previously assigned. In that order, which addressed the defendants' motion to dismiss all three counts of Cummins' complaint, Judge Plunkett held that Cummins could prevail on his breach of contract and accounting claims because the partnership agreement could be read to provide benefits to withdrawing partners such as Cummins (i.e., partners who leave the firm voluntarily but go on to practice law elsewhere), as well as retiring partners (i.e., partners who not only retire from the firm but retire from the practice of law), and he therefore denied the motion to dismiss as to Counts 2 and 3. *Cummins v. Bickel & Brewer*, No. 00 C 3703, 2001 WL



204797, at *2 (N.D. Ill. March 1, 2001). Judge Plunkett also denied the motion with respect to Count 1, finding that Cummins could prevail on his claim that the forfeiture provision in the partnership agreement was unenforceable under Rule 5.6 of the Illinois Rules of Professional Conduct. *Id.* at *4. Based on these holdings, Cummins now claims that he is entitled to judgment as a matter of law.

The Bickel & Brewer General Partnership Agreement provides for payments to "qualified withdrawing partners" in an amount determined based on a formula set out in the agreement. *See* Agreement, Article XI, Section 11.1. The agreement defines "qualified withdrawing partner" as "[a] Partner desiring to retire from the Partnership who has been a Class 'A' Partner of the Partnership for at least sixty (60) months, is then sixty-five years of age or older, and gives written notice to each Class 'A' Partner of his voluntary retirement or withdrawal from the Partnership . . . ." *Id.*, Section 11.1(A). Section 11.8(C) of the agreement addresses situations in which partners who otherwise qualify for withdrawal benefits may nonetheless forfeit the right to receive those benefits. This section provides as follows:

> No partner who withdraws or is expelled from the Partnership shall be restricted by the terms of this Agreement from practicing his profession at the times and places of his choosing. Furthermore, any Partner who has withdrawn from the Partnership may thereafter represent any client (individual or entity).
>
> * * *
>
> All Partners recognize and agree that the retirement benefits granted by Section 11.1 are conferred in consideration and contemplation of such Qualified Retiring Partner's not undertaking the representation of any Partnership Client. Accordingly, each Partner agrees and does hereby relinquish any benefit provided in the aforesaid Section 11.1 in the event he undertakes the representation of a Partnership Client within three (3) years after his effective date of withdrawal from the Partnership. . . .

Agreement, Article XI, Section 11.8(C). Judge Plunkett found that this section "is unenforceable

2

under Illinois law whether Cummins retired or withdrew." 2001 WL 204797, at *4. And Cummins argues that this holding automatically entitles him to judgment as a matter of law on his declaratory judgment claim. The Court disagrees. Judge Plunkett issued his ruling in the context of a motion to dismiss, which means he was concerned only with whether Cummins could prove any set of facts that would entitled him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). He specifically noted the limitation on his ruling: "While it is not clear from reading [*Dowd & Dowd v. Gleason*, 181 Ill. 2d 460, 693 N.E.2d 358 (1998)] whether all non-compete agreements, both withdrawal and retirement are unenforceable, we certainly are constrained to find that the Supreme Court of Illinois could interpret the exception contained in Rule 5.6 to prohibit a provision like the one in this case." 2001 WL 204797, at *4. Accordingly, Judge Plunkett's opinion does not end the matter; we must still determine whether section 11.8(C) is valid in the context of Cummins' situation.

Rule 5.6 of the Illinois Rules of Professional Conduct provides, in relevant part, that "[a] lawyer shall not participate in offering or making: (a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement . . . ." The defendants argue that the agreement in this case was "an agreement concerning benefits upon retirement" and therefore the forfeiture provision, which unquestionably restricts Cummins' right to practice after termination of the relationship, is valid. Implicit in this argument is Bickel & Brewer's concession that a forfeiture provision addressing withdrawal, as opposed to retirement, could not survive under Rule 5.6. Whether or not the firm conceded the point, however, *Dowd & Dowd*, the case on which Judge Plunkett so heavily relied, holds as much. In *Dowd & Dowd*, the Illinois Supreme

Court held that a straight noncompetition clause in the employment agreement the law firm made its partners sign was unenforceable under Rule 5.6. 181 Ill. 2d at 481, 693 N.E.2d at 369. Unlike the provision in the Bickel & Brewer partnership agreement, the provision in the Dowd & Dowd agreement did not address benefits for retiring partners. The departing partners who allegedly breached that agreement were unquestionably leaving the firm to go into business for themselves; they were not retiring. The question is whether, as defendants argue, the inclusion of retirement issues in the Bickel & Brewer partnership agreement provisions makes *Dowd & Dowd* inapplicable and makes Section 11.8(C) enforceable.

In *Stevens v. Rooks Pitts and Poust*, 289 Ill. App. 3d 991, 682 N.E. 2d 1125 (1997), the defendant law firm's partnership agreement provided that a partner who became permanently disabled or who retired or voluntarily or involuntarily withdrew from the firm was entitled to the net balance of the ex-partner's capital account and other accounts, plus his share of collections. The agreement provided that the firm would pay the ex-partner four-fifths of his share of such sums and would pay the ex-partner the remaining fifth if he "is not directly or indirectly engaged in the practice of law, in competition to the legal practice of the Partnership existing immediately prior to his withdrawal either individually or in association with another law firm, in the Chicago metropolitan area . . . for a period of one (1) year subsequent to his becoming an Ex-Partner. . . ." *Id.* at 993, 682 N.E.2d at 1128. Thus, a partner who left the firm to practice elsewhere in the Chicago area would forfeit one fifth of his capital account and collections shares. Stevens, who had signed the Rooks partnership agreement, voluntarily withdrew from the firm and joined another Chicago law firm. Rooks then refused to pay him the remaining one-fifth of his departure compensation. *Id.* Stevens sued, claiming that the forfeiture provision of the

partnership agreement was unenforceable under Rule 5.6, and the Illinois appellate court agreed, holding as follows:

> By requiring the departing lawyer to give up certain compensation due to him if he competes with the firm in a certain geographic area within one year after his departure, this financial disincentive provision hinders both the departing lawyer's ability to take on clients and the clients' choice of counsel. We conclude that subsection (b)(iii) of Article Ninth is in contravention to the public policy underlying Rule 5.6 and is unenforceable."
> *Id.* at 999, 682 N.E.2d at 1132.

Based on *Dowd & Dowd* and *Stevens*, the Court finds that forfeiture provision in the Bickel & Brewer partnership agreement is unenforceable as applied to Cummins. Like the provision in *Stevens*, the provision in the Bickel & Brewer agreement requires withdrawing partners to give up certain earned compensation due them solely because they engage in competitive behavior. There can be no question that the provision undermines the policies behind Rule 5.6; the provision plainly hinders a withdrawing partner's ability to take on clients and a client's ability to retain counsel of his or her choice. Bickel & Brewer has argued that its forfeiture provision survives Rule 5.6 scrutiny because of the retirement component of the provision. But the provision at issue in *Stevens* was almost identical; like Bickel & Brewer's provision, Rooks' provision addressed both retirement and withdrawal, yet the court still found it to be unenforceable as applied to Stevens. We do likewise. We find that section 11.8(C) is unenforceable and that Cummins is entitled to summary judgment on Count 1.

We next consider whether Cummins is entitled to summary judgment on his breach of contract claim. The defendants contend that summary judgment on Cummins' breach of contract claim is inappropriate because the language of the agreement is ambiguous as to whether Section 11.1 applies to partners who leave the firm but go on to practice elsewhere. They contend that

the extrinsic evidence reveals issues of fact concerning the parties' intent in drafting the agreement, and that these issues must resolved at trial. To support their contention, they offer Judge Plunkett's opinion as evidence that the agreement is ambiguous. We do not read Judge Plunkett's opinion to hold that the partnership agreement is ambiguous. Although it is true that Judge Plunkett found that "two reasonable people could disagree" about the interpretation of the agreement, thereby suggesting that the agreement was ambiguous, he also concluded that the allegedly ambiguous provision "must mean withdraw *or* retire because: (1) both are envisioned in the clause, and (2) otherwise the forfeiture clause is meaningless because the attorney has retired from the practice of law." 2001 WL 204797, at *2. This latter language – particularly the use of the word "must" – suggests that he found only one interpretation of the contract to be reasonable. Whether or not Judge Plunkett so found, we hold, for the reasons Judge Plunkett gave, that the partnership agreement is unambiguous on this point: the benefits provided in Section 11.1 are available to both retiring partners and partners who withdraw from the firm but go on to practice law elsewhere.

The defendants also argue that summary judgment on Count 2 is inappropriate because issues of fact remain concerning their affirmative defenses and their counterclaim for reformation. They support their argument with statements of fact and record citations concerning things that were said and done by the partners around the time the partnership agreement was executed. Cummins has moved to strike the defendants' statement of facts and opposition memorandum on the ground that they are irrelevant given that the partnership agreement is unambiguous; Cummins argues that anything beyond the four corners of the agreement is irrelevant. The Court cannot agree; defendants' arguments and at least part of their statement of

facts are relevant to resolution certain of their affirmative defenses and their request for reformation of the agreement. Contrary to Cummins' assertions, those issues do not require the Court to ask what the parties intended in drafting Section 11 – a question that is out of bounds given our ruling that the contract as written is unambiguous. Rather, the question raised by defendants' reformation claim and their mistake defenses is whether, but for Cummins' alleged misrepresentations and assurances, the parties would have set up their agreement in this way in the first place. Defendants contend that they would not have, but would have drafted the agreement in such a way that no departing partner would have been entitled to benefits. Such a provision, if facially neutral, would seem to be consistent with Rule 5.6. Because defendants have shown the existence of a genuine issue of fact on this point, Cummins is not entitled to summary judgment on his breach of contract claim.

## CONCLUSION

For the reasons explained above, the Court grants Cummins' motion for summary judgment [Docket No. 40] as to Count 1 but denies the motion as to Count 2. The Court denies the plaintiff's motion to strike [Docket No. 82]. The case is set for a status hearing on February 19, 2002 at 9:30 a.m.

Dated: February 6, 2002

MATTHEW F. KENNELLY
United States District Judge